# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CINDY CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:10-cv-483-PPS-APR |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY and | ) |
| CHILDREN'S MEMORIAL HOSPITAL | ) |
| LONG TERM DISABILITY PLAN | ) |
| | ) |
| Defendants. | ) |
| | ) |

## OPINION AND ORDER

Before the Court is Defendant Hartford Life and Accident Ins. Co. and Defendant Children's Memorial Hospital Long Term Disability Plan's Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue to the Northern District of Illinois. [DE 18.] For the following reasons, the motion to transfer is **GRANTED** and the motion to dismiss is **DENIED**.

Plaintiff Cindy Curtis, a resident of Illinois, is a former employee of Children's Memorial Hospital ("CMH") in Chicago, Illinois where she worked as a Registered Nurse until she became disabled on January 30, 2007. Curtis was a participant in the Defendant CMH Long Term Disability Plan ("the Plan"), which provides income replacement benefits to CMH employees who become disabled. According to the Defendants, the Plan is administered by CMH in Illinois and has designated Defendant Hartford Life and Accident Ins., a company incorporated in Connecticut with its principal place of business in Connecticut, as its claims administrator.

Curtis qualified for and received disability benefits through the Plan beginning on August 6, 2007. On August 5, 2009, Hartford terminated Curtis's benefits, and Curtis appealed the decision. Hartford administered Curtis's original claim for disability benefits and her subsequent administrative appeal at its Bloomington, Minnesota office. [DE 19 at 2–3; DE 20 ¶¶ 1–2, 4.] After her administrative appeal was denied, Curtis filed this action against the Defendants to enforce her rights and recover disability benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132. Curtis alleges that she remains disabled, and so the Defendants wrongfully denied her long term disability benefits in violation of the Plan and ERISA.

Defendants responded to Curtis's Complaint with this motion. They argue that ERISA's venue provision, 29 U.S.C. § 1132(e)(2), precludes venue in the Northern District of Indiana and request dismissal of the case under 28 U.S.C. § 1406(a), or alternatively, a transfer to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Curtis responded simply by consenting to transfer of venue to the Northern District of Illinois, [DE 26], and the Defendants replied by abandoning their motion to dismiss and consenting to a transfer [DE 27].

Notwithstanding the parties' consent, I must determine whether transfer to the Northern District of Illinois is proper under ERISA's venue provision, 29 U.S.C. § 1132(e)(2). Under ERISA, venue is proper (1) in the district where the plan is administered, (2) where the breach took place, or (3) where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2); *see Schumacher v. Principal Life Ins. Co., et al.*, 665 F. Supp. 2d 970, 976 (N.D. Ind. 2009) (citing 29 U.S.C. § 1132(e)(2) as the governing venue statute for ERISA claims). Once a defendant challenges venue, "the plaintiff bears the burden of proving that venue is proper." *MicroMetl*

*Corp. v. TranzAct Techs., Inc.*, 2008 WL 2356511, at *3 (S.D. Ind. June 5, 2008); *Moore v. Dixon*, 460 F. Supp. 2d 931, 935 (E.D. Wis. 2006).

Here, the evidence suggests that venue is proper in northern Illinois, not Indiana. First, while Curtis alleges in her Complaint that the Plan was administered in the Northern District of Indiana, she provides nothing to support this claim. The Defendants, however, present evidence showing that the Plan was administered in Chicago, and Curtis does not dispute this evidence. In addition, the Defendants assert, and Curtis fails to dispute, that the breach either occurred in Illinois, where Curtis resides, or in Minnesota, where her benefits were terminated. Finally, Curtis offers no evidence that the Plan resides in Indiana or can be found in Indiana. And Curtis does not dispute that the Plan is located at CMH in northern Illinois and that Hartford can be found in Connecticut and Minnesota.

Thus, venue is not proper in the Northern District of Indiana. To the contrary, venue is proper in the Northern District of Illinois under § 1132(e)(2), minimally, because the Plan was administered in Chicago. Indeed, all parties admit that venue is proper in the Northern District of Illinois. [*See* DE 18, 26.]

Because venue does not lie in this District, under 28 U.S.C. § 1406(a), I can either dismiss this suit entirely or, in the interest of justice, transfer it to the Northern District of Illinois. 28 U.S.C. § 1406(a)[1]; *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir. 1986) ( "[T]he district court has broad discretion to grant or deny a motion to transfer the case."). I find that justice is

---

[1] Notably, 28 U.S.C. § 1404, also allows transfer to another district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). But § 1404 only applies when the action was originally filed in a proper, though inconvenient venue. *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).

best served by transferring this case to the Northern District of Illinois. First, Curtis could have originally filed this case in the Northern District of Illinois under § 1132(e)(2). Second, even though Curtis provides no explanation for why she chose to file in Indiana, both parties now consent to transfer to northern Illinois. (Indeed, Curtis is fortunate that the Defendants consented to transfer rather than push for dismissal.) Furthermore, I suspect that if I dismiss this case, Curtis would re-file in the Northern District of Illinois now that the facts surrounding venue have been clarified. Re-filing would generate redundant costs that could be avoided by transfer. *See Walker v. BankLiberty*, 2011 WL 649950, at *2 (S.D. Ind. Feb. 11, 2011) (granting transfer based on plaintiff's filing of a nonfrivolous lawsuit in the wrong district and the likelihood that plaintiff would re-file in the proper district); *MicroMetl*, 2008 WL 2356511, at *6 (same); *Continental Bank v. Schotsky*, 1992 WL 314153, at *6 (N.D. Ill. Oct. 22, 1992) (finding transfer the better option where "dismissal would cause the plaintiffs to incur the additional costs associated with re-filing and service of process"). Therefore, I find that it is in the interest of justice to transfer this matter to the Northern District of Illinois.

For the foregoing reasons, Defendants' motion to transfer venue is **GRANTED,** and its motion to dismiss is **DENIED**. [DE 18.] The Court **ORDERS** this case **TRANSFERRED** to the Northern District of Illinois.

**SO ORDERED.**

ENTERED: April 5, 2011.

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court